IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Denise R. Smith, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:25-cv-02817-TJS |
| Nationstar Mortgage LLC, *et al.*, | * | |
| Defendants. | * | |

* * * * * *

**MEMORANDUM OPINION**

Pending before the Court is Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to Dismiss ("Motion") (ECF No. 29).[1] Having considered the submissions of the parties (ECF Nos. 29, 45, 56), I find that a hearing is unnecessary.[2] *See* Loc. R. 105.6. For the following reasons, Nationstar's Motion will be granted in part and denied in part.

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings, with direct review by the United States Court of Appeals for the Fourth Circuit, if an appeal is filed. ECF No. 24. Plaintiff sought to withdraw her consent and reassign the case to a district judge, *see* ECF No. 55, but her motion was denied. ECF No. 58.

[2] Previously, the Court struck Plaintiff's response to Defendant William Savage's motion to dismiss (ECF No. 37) because it was 54 pages long, 24 pages longer than the Local Rules permit. ECF No. 42. Plaintiff had also filed a response to Nationstar's Motion to Dismiss, which the Court did not strike. ECF No. 35. The Court permitted Plaintiff to resubmit a response to Defendant Savage's Motion to Dismiss that complied with the rule on page limits, and Plaintiff did so. *See* ECF No. 45. But in doing so, Plaintiff submitted a combined response (as to both Nationstar and Savage). *Id.* Thereafter, Nationstar filed its reply (ECF No. 56), in which it addressed the arguments that Plaintiff raised in her combined response (ECF No. 45). The Court has considered Plaintiff's combined response (ECF No. 45) and therefore declines to consider her original response (ECF No. 35) or Nationstar's original reply thereto (ECF No. 38).

# I. Background

## A. Factual Background

Plaintiff Denise R. Smith filed this lawsuit against Nationstar to recover for alleged misconduct in servicing her mortgage loan and alleged wrongful pursuit of foreclosure.[3] ECF No. 1. Plaintiff's Complaint was filed with the assistance of counsel, *see id.*, but counsel was permitted to withdraw about two months after the Complaint was filed, and Plaintiff has represented herself since that time. *See* ECF Nos. 4, 6 & 7.

In her Complaint, Plaintiff alleges that she is the "lawful occupant of the property located at 917 Jennings Mill Drive, Bowie, Maryland 20721" (the "Property"). ECF No. 1 at 2. In 2016, she entered into a federally regulated Home Affordable Modification Program Agreement (the "HAMP Agreement"), which set a specific monthly mortgage payment.[4] *Id.* Plaintiff alleges that in 2019 she entered into a consent agreement ("Consent Order"), which "acknowledged Defendant's lawful occupancy of the property, accepted modified payments, agreed to stay foreclosure or eviction actions, and which provided terms for curing any future default." *Id.* Plaintiff alleges that Nationstar (the servicer of her mortgage loan) accepted her payments under

[3] Plaintiff named two other defendants in the Complaint: Brown, Savage, Britto, Stitely and Callahan, LLC; and William Savage. ECF No. 1. With Plaintiff's consent, the Court dismissed the claims against Brown, Savage, Britto, Stiteley and Callahan, LLC. ECF No. 20. Plaintiff has since moved to drop William Savage as a party pursuant to Rule 21. ECF No. 34. William Savage consents to the motion. ECF No. 49. Accordingly, the Court will grant Plaintiff's motion, drop William Savage as a party, and dismiss Plaintiff's claims against William Savage without prejudice. The motion to dismiss filed by William Savage (ECF No. 30) is denied as moot.

[4] The Complaint names three defendants but the factual allegations section only refers to a singular (and undefined) "Defendant." Because the Complaint was drafted by Plaintiff's former counsel and filed when Plaintiff was still represented by counsel, the Court is not required to liberally construe the allegations of the Complaint. *See Crosby v. S.C. Dep't of Pub. Safety*, No. 2:15-1455-RMG, 2017 WL 398352, at *2 (D.S.C. Jan. 30, 2017), *aff'd*, 691 F. App'x 783 (4th Cir. 2017). But for the sake of expediency, the Court will assume that all mentions of Defendant in the Complaint refer to Nationstar.

the HAMP Agreement and the Consent Order but "misapplied those payments, demanding nearly double the agreed HAMP amount, and then declared a false default." *Id.* She alleges that Nationstar made misrepresentations to a court "during litigation and while seeking the Writ of Possession." *Id.* at 3. She alleges that Nationstar breached the HAMP Agreement and the Consent Order, in violation of various laws and regulations. *Id.*

Plaintiff asserts four claims against Nationstar. In Count One, she alleges that Nationstar is liable for breach of contract because it breached the mortgage loan agreement it had with her. ECF No. 1 ¶¶ 16-18. In Count Two, she alleges that Nationstar violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to Plaintiff's written inquiries and notices of error, by failing to investigate and timely correct certain errors, by failing to promptly apply payments that Plaintiff submitted, and by "continuing foreclosure proceedings while simultaneously representing that loss mitigation efforts were under review."[5] *Id.* ¶¶ 19-27. In Count Three, Plaintiff alleges that Nationstar violated 12 U.S.C. §§ 5531 and 5536(a) by engaging in unfair, deceptive, or abusive acts. *Id.* ¶¶ 28-34. And in Count Four, Plaintiff alleges that Nationstar violated Maryland foreclosure law. *Id.* ¶¶ 35-44.

Plaintiff insists that Nationstar must not be permitted to evict her from the Property during the pendency of an appeal she filed in state court. That appeal was dismissed on April 14, 2026, because of Plaintiff's failure to file an appellate brief in accordance with the rules and orders of

[5] In Count Two, Plaintiff cites 12 C.F.R. § 1026.36(c), but this regulation does not concern RESPA. Instead, it relates to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* As Nationstar correctly notes, Plaintiff did not plead a separate TILA claim, *see* ECF No. 56 at 10, and the Court does not construe the Complaint as asserting one. Plaintiff has not sought leave to amend her Complaint to add a TILA claim.

the Appellate Court of Maryland. S*ee Smith v. Brown, Savage, Britto, Stitely and Callahan, et al.*, No. 1051, Sept. Term 2025, MDEC: ACM-REG-1051-2025, in the Appellate Court of Maryland.[6]

**B. The Bankruptcy Case**

Some discussion of Plaintiff's bankruptcy proceedings is necessary. On August 15, 2018, a day after the foreclosure sale, Plaintiff filed a Chapter 13 bankruptcy petition (Case No. 18-20825) in the United States Bankruptcy Court for the District of Maryland. *See* ECF Nos. 26-5 at 2 & 29-1 at 9 n.6. On March 4, 2019, the Bankruptcy Court entered the Consent Order. Doc. 44 in Case No. 18-20825. The order required that Nationstar "forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the . . . terms and conditions" of the order. *Id.* at 2. Among the terms of the Consent Order was the requirement that Plaintiff make certain payments to Nationstar. *Id.*

On September 16, 2020, the Bankruptcy Court entered an order finding that Nationstar was "entitled to relief from the effect of the automatic stay of 11 U.S.C. § 362(a), pursuant to sub-section (d) thereof, as well as from the Co-Debtor stay of 11 U.S.C. § 1301 (a)," and ordered that the automatic stay be "immediately lifted on the real property known as 917 Jennings Mill Drive, Bowie, MD 20721." Doc. 103 in Case No. 18-20825. The Bankruptcy Court's order also provided:

> IT IS ORDERED, that the Movant/Purchaser and/or the Trustee are hereby authorized to take whatever future actions which may be necessary in order to ratify said sale and or obtain possession of said premises and shall provide a copy of the

[6] Nationstar provides additional factual background, which is useful for context but not material to the Court's ruling on the Motion. According to Nationstar, this case is the latest step in Plaintiff's near-decade-long attempt to stall foreclosure on the Property after she defaulted on her mortgage. ECF No. 29-1 at 6. Plaintiff defaulted on her mortgage and a foreclosure case was filed in 2017. ECF No. 26 at 6. The Property was sold to Nationstar at a foreclosure sale in 2018, the sale was ratified in 2021, the auditor's report was ratified in 2022, ratification was affirmed on appeal in 2023, and possession was awarded to Nationstar in 2025. *Id.* Plaintiff apparently still lives in the Property. *See* ECF Nos. 29-1 at 6 & 26 at 6, 17.

> Report of Sale and all Audits Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.
>
> IT IS FURTHER ORDERED that any action relating to the Movant's August 14, 2018 foreclosure sale, that may have occurred prior to the entry of this order shall not have been invalidated by the filing of the bankruptcy petition and the operation of 11 U.S.C § 362 (a) and 11 U.S.C. Section 1301(a).

*Id.* at 2.

On August 10, 2022, the Bankruptcy Court issued an order confirming "that the Automatic Stays of 11 USC §§ 362 and 1301 were completely terminated, *in rem* and *in personam*, by Order entered at [D.E. 103] on September 16, 2020 with respect to all actions necessary to continue and complete the foreclosure process underway in the State of Maryland regarding the Subject Property commonly known as 917 Jennings Mill Drive, Bowie, MD 20721." Doc. 154 at 2 in Case No. 18-20825. The Bankruptcy Court also ordered that "Nationstar Mortgage, LLC, its successors and assigns, may proceed without interference from any stay of the United States Bankruptcy Court for the District of Maryland as no such stays exist with respect to the Subject Property in bankruptcy case number 18-20825." *Id.*; *see also* ECF No. 56 at 9 n.7.

## II. Discussion

Nationstar moves to dismiss all of Plaintiff's claims with prejudice. The Court will address the parties' arguments below.

### A. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The "short and plain statement of the claim" must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under

Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." Furthermore, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Although a complaint need not contain detailed allegations, it must contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the facts alleged must be enough to raise a right to relief above the speculative level, *id.* at 555. When considering a motion to dismiss, a court must accept as true the well-pleaded allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

**B. *Rooker-Feldman***

Nationstar argues that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. ECF No. 29-1 at 11 (citing 28 U.S.C. § 1257(a); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923)). "Federal courts . . . have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). And "no federal statute 'authorize[s] district courts to exercise appellate jurisdiction over state-court judgments,' even those that raise issues of—or are alleged to violate—federal law." *T.M. v. Univ. of Md. Med.*

*Sys. Corp*., 139 F.4th 344, 348 (4th Cir. 2025) (quoting *Verizon Md., Inc. v. Public Serv. Comm'n of Md*., 535 U.S. 635, 644 n.3 (2002)); *see also Lance v. Dennis*, 546 U.S. 459, 463 (2006).

The Supreme Court has consistently held firm to these principles, creating what has become known as the *Rooker-Feldman* doctrine, and making it clear that federal district courts lack subject matter jurisdiction to review state court judgments. *See T.M.*, 139 F.4th at 348 (explaining that in *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923), the Supreme Court upheld a district court's decision that it lacked jurisdiction over a claim that a state court's judgment was rendered in violation of the United States Constitution, and that in *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that, to the extent the plaintiffs were asking the federal district court to review the District of Columbia court's denial of their petitions of waiver, the district court lacked subject matter jurisdiction). Most recently, the Supreme Court upheld the Fourth Circuit's decision in *T.M. v. Univ. of Md. Med. Sys. Corp*., 139 F.4th at 348, which had affirmed Judge Gallagher's dismissal of a complaint for lack of subject matter jurisdiction under *Rooker-Feldman*. *T.M. v. Univ. of Md. Med. Sys. Corp*., 146 S. Ct. 1739 (2026), *aff'g* 139 F.4th 344.

The *Rooker-Feldman* doctrine bars actions in federal district court that are "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005); *see also T.M.*, 139 F.4th at 350 (explaining that, under *Exxon*, the *Rooker-Feldman* doctrine is confined to cases that possess these four characteristics). Under *Rooker-Feldman*, whether state court judgments are "final trial-court judgments or those of a State's highest court[]" is immaterial. *T.M. v. Univ. of Md. Med. Sys. Corp*., 146 S. Ct. 1739, 1752 (2026).

The critical question in the *Rooker-Feldman* analysis is whether the plaintiff complains of an injury caused by the state-court judgment and seeks relief that would require the district court to review and reject that judgment. In such a case, *Rooker-Feldman* applies. But if the plaintiff alleges an independent injury caused by the defendant's conduct, the district court has jurisdiction even though adjudicating the claim may implicate, contradict, or call into question a conclusion reached by the state court. Still, even when *Rooker-Feldman* does not apply, principles of *res judicata* may ultimately bar a plaintiff's claim. *See Thana v. Bd. of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 320 (4th Cir. 2016).

Courts have routinely applied *Rooker-Feldman* in cases arising from foreclosures where the requested federal relief would require the district court to review and reject a state-court foreclosure or possession judgment. *See, e.g.*, *Manson v. PNC Bank, N.A.*, No. DKC-26-1856, 2026 WL 2546054, at *6 (D. Md. Aug. 28, 2026) (explaining that "[c]ourts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings."); *Brown v. Nationstar Mortg. LLC*, No. GLR-25-1605, 2025 WL 1455713, at *2 (D. Md. May 21, 2025).

Nationstar argues that Plaintiff's claims "necessarily require a finding that the foreclosure sale was wrongful and therefore, that the Circuit Court incorrectly ratified the sale and Auditor's report, and the Appellate Court incorrectly affirmed ratification of the Auditor's Report." ECF No. 29-1 at 12. In response, Plaintiff argues that she does not ask the Court to overturn the foreclosure judgment, but rather to obtain relief for Nationstar's "independent servicing conduct after the foreclosure sale and after the Bankruptcy Consent Order." ECF No. 45 at 6.

To the extent that Plaintiff asks the Court to rescind the ratified foreclosure, restore title contrary to the state court judgment, or enjoin Nationstar from enforcing its rights to possession

of the Property because the state court judgment was erroneous, *see* ECF No. 1 ¶¶ 39-40, 44, the Court is unable to grant such relief because of *Rooker-Feldman*. But to the extent that Plaintiff seeks to recover for Nationstar's purported breach of contract and violation of various consumer protection laws without asking the Court to review the underlying state court judgment or to undo the foreclosure, the Court retains jurisdiction to hear Plaintiff's claims. *See Smith v. New Rez, LLC*, No. PX-21-3225, 2022 WL 17362675, at *4 (D. Md. Nov. 30, 2022), *aff'd*, No. 23-1000, 2023 WL 4105710 (4th Cir. June 21, 2023).

### C. *Colorado River* Abstention

Nationstar argues that the Court should abstain from exercising jurisdiction pursuant to the *Colorado River* abstention doctrine. ECF No. 29-1 at 13. In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), the Supreme Court held that a district court may stay a case when faced with parallel federal and state proceedings for purposes of "wise judicial administration." While abstention is authorized in some cases, it "is the exception, not the rule." *Id.* at 813. Two conditions must be satisfied for a court to abstain under the *Colorado River* doctrine: (1) there must be parallel litigation in state and federal court, and (2) there must be "exceptional circumstances warranting abstention." *Gannett Co., Inc. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002) (citing *Colorado River*, 424 U.S. at 813). Courts apply *Colorado River* abstention "parsimoniously." *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) (explaining that "[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction").

Here, even assuming that the state court litigation was at one time "parallel," it is no longer ongoing. Plaintiff's appeal was dismissed on April 14, 2026, and her petition for writ of certiorari was denied on June 23, 2026. *See* ECF No. 57 at 5. Because state appellate proceedings are no

longer pending, there is no concurrent state proceeding with which this action could be parallel. The threshold requirement for *Colorado River* abstention is thus absent.

**D. Rule 12(d) Conversion is Not Required**

Having partially rejected Nationstar's jurisdictional arguments, the Court now considers its arguments that reach the merits of Plaintiff's Complaint. But first, the Court must address Plaintiff's argument that Nationstar improperly relies on state and bankruptcy court records, requiring the Court to treat the motion to dismiss as a motion for summary judgment pursuant to Rule 12(d). The Court rejects Plaintiff's argument. At the pleading stage, the Court may take judicial notice of matters of public record, including court and administrative filings. *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016), *aff'd*, 685 F. App'x 261 (4th Cir. 2017). Of course, judicial notice is for the existence of filings, and not the truth of contested facts stated therein. And "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

**E. Res Judicata**

Nationstar argues that Plaintiff's claims are barred by the doctrine of res judicata (also known as claim preclusion). ECF No. 29-1 at 14. "Res judicata precludes the parties or their privies from relitigating issues that were or could have been raised in a previously concluded suit." *Baird-Alleyne v. BWW Law Group, LLC*, No. PX-25-2851, 2026 WL 1279073, at *1 (D. Md. May 11, 2026) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). The doctrine disallows relitigating a claim where (1) the parties or their privies in both suits are

identical; (2) the claim in the new suit is identical to the claim in the original suit or could have been brought in the original suit; and (3) the claim in the original suit reached a final judgment on the merits. *Baird-Alleyne*, 2026 WL 1279073, at *1 (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008); *Nash Cnty. Bd. of Ed. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)); *see also Reid v. New Century Mortg. Corp.*, No. PX-18-233, 2018 WL 4538585, at *5 & n.11 (D. Md. Sept. 20, 2018) (noting that the Court "applies the substantive law on res judicata from the forum in which the prior judgment was entered" and that the elements of res judicata under Maryland and federal law are the same).

The first requirement (identity of the parties or their privies) is met here. Plaintiff was named as a defendant in the state foreclosure action.[7] And while Nationstar was not a named party in the foreclosure action, "[s]ubstitute trustees, lenders, and successor holders of a mortgage are generally found to be in privity where they share 'the same right to foreclose on the subject mortgage.'" *Rawlings v. Bank of Am., N.A.*, No. BAH-24-1033, 2024 WL 5170860, at *4 (D. Md. Dec. 18, 2024) (quoting *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018)); *see also Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011) (finding the privity component of claim preclusion satisfied where the defendants represented the "same legal right" as a party in the state court action). Nationstar is in privity with the parties in the state foreclosure proceedings because it was the servicer of the mortgage loan and assignee of the Deed of Trust upon which the foreclosure was brought. *See* ECF No. 29-1 at 15.

The second requirement (identical claims) is also satisfied, at least for some of Plaintiff's claims. "Claims are part of the same cause of action when they arise out of the same transaction

[7] *See Brown, Savage, Britto, Stitely and Callahan v. Smith*, Civ. No. CAEF17-36003 (Cir. Ct. Pr. George's Cnty., filed on Nov. 16, 2017).

or series of transactions, or the same core of operative facts." *Knight v. Nationstar Mortg., LLC*, No. SAG-23-3502, 2024 WL 3046408, at *4 (D. Md. June 18, 2024) (quoting *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015)); *Betch v. Nationstar Mortg., LLC*, No. BAH-25-27, 2026 WL 513482, at *13 (D. Md. Feb. 24, 2026). "Here, the allegedly wrongful foreclosure on the Property underpins Plaintiff['s] claims against [Nationstar]." *Id.* Plaintiff raised (or could have raised) in the state foreclosure case and the resulting appeals her arguments about the foreclosure sale being wrongful, Nationstar's failure to provide the required loss mitigation, Nationstar's failure to properly apply payments, Nationstar's violation of the Consent Order and bankruptcy stay, and the untimeliness of the auditor's report. These arguments (and the claims that extend from them) concern the same series of transactions that were at issue in the state foreclosure proceedings. As such, "the state court foreclosure action and the present case relate to the same transaction or occurrence." *Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *6 (D. Md. July 8, 2021), *aff'd*, No. 21-1851, 2021 WL 5412237 (4th Cir. Nov. 19, 2021). Plaintiff's claims for breach of the mortgage contract (Count One), violation of RESPA (Count Two), and violation of Maryland foreclosure law (Count Four) "were or could have been brought in the state action."[8] *Id.*

Plaintiff argues against this conclusion because "Defendants have identified no order from any tribunal adjudicating whether Plaintiff validly defaulted under the Consent Order after Defendants allegedly refused, blocked, suspended, or misapplied payments." ECF No. 45 at 6. But this argument is one of issue preclusion, not *res judicata*. *Res judicata* does not require the court

[8] There is one exception. Res judicata does not bar a claim based on allegedly wrongful conduct that occurred after the prior judgment became final. As discussed below, the Court distinguishes Plaintiff's historical payment and default theories in Count Two from her contention that Nationstar violated RESPA in its response to a June 4, 2025 letter.

in the prior proceeding to have expressly decided every factual issue underlying a later claim. It simply bars claims arising from the same transaction or series of transactions that were litigated or could have been litigated in a prior proceeding. Plaintiff repeatedly raised Nationstar's mishandling of payments and noncompliance with the Consent Order in the foreclosure proceedings. *See* ECF No. 56 at 8 & n.6. The Court is not required to find that a prior tribunal actually resolved each disputed issue regarding Plaintiff's payments in Nationstar's favor for res judicata to apply.

The Bankruptcy Court record reinforces the Court's conclusion on this point. The September 16, 2020 order of the Bankruptcy Court lifted the stay and authorized Nationstar and the trustee to proceed with ratification of the foreclosure sale and to take possession of the Property. And when Plaintiff asked the Bankruptcy Court to reopen her case specifically to enforce the Consent Order, the Bankruptcy Court denied Plaintiff's request, finding that "the doctrine of res judicata applies because the Court heard and considered the same arguments made by the Debtor in the motion and denied the same request for relief on September 14, 2020." *See* ECF No. 30-1 at 18 (Doc. 180 in Case No. 18-20825). Thus, Plaintiff's Consent Order theory is not a controversy that arises for the first time in this case.[9]

And the third requirement (final judgment) is satisfied here. The Circuit Court signed the order ratifying the sale on October 1, 2021, and the order was filed on October 4, 2021. *See* ECF No. 26-2 at 2-3. Accordingly, the final-judgment requirement is satisfied. The Appellate Court of Maryland affirmed the Circuit Court in Plaintiff's first appeal on November 6, 2023. *See Smith v.*

[9] To be clear, the Court does not rely on the Bankruptcy Court proceedings as an independent basis for its finding that res judicata bars the majority of Plaintiff's claims. As explained in this opinion, the final judgment in the state foreclosure proceedings is sufficient for preclusive effect.

*Savage*, No. 914, Sept. Term, 2022, 2023 WL 7295315, at *1 (App. Ct. Md. Nov. 6, 2023). And as explained above, Plaintiff's second appeal (in Case No. ACM-REG-1051-2025) was dismissed by the Appellate Court of Maryland for failure to comply with that court's rules and orders. The Supreme Court of Maryland has denied Plaintiff's petition for writ of certiorari. ECF No. 57 at 5. The state court judgment is final in every respect.

Now the Court turns to the claims in Plaintiff's Complaint.[10] Count One is barred by res judicata because it seeks relief for Nationstar's "breach of the mortgage loan agreement with Plaintiff." Plaintiff either raised or could have raised this claim in the state court proceedings. *See generally Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and RICO; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Nolan v. Miles*, No. MJM-22-02488, 2024 WL 732035, at *6 (D. Md. Feb. 22, 2024). To the extent that Plaintiff now characterizes Count One as a claim that Nationstar breached the March 4, 2019 Consent Order, the result is the same. That theory arises from the same series of payment, default, and foreclosure transactions that Plaintiff raised (repeatedly) in prior proceedings.

Count Two is also barred by res judicata to the extent that it rests on historical servicing conduct that occurred and could have been raised before the judgment was final in the state foreclosure proceeding. Plaintiff's claims in this count arise from Nationstar's conduct in relation

[10] The Court does not consider whether Count Three is barred by res judicata because, as explained below, Plaintiff cannot sue for Nationstar's violations of 12 U.S.C. §§ 5531 or 5536 because those statutes do not create a private right of action.

to Plaintiff's mortgage.[11] With the exception of conduct related to a letter dated June 4, 2025 (discussed below), Plaintiff either raised or could have raised her RESPA claims in the state foreclosure case. *See* ECF No. 56-1 at 8 (Plaintiff's September 2021 motion in the state court proceeding seeking relief for the creditor's RESPA violations); *Prudencio*, 2016, WL 6947016, at *3; *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 684 (D. Md. 2018) (collecting cases in which courts held that RESPA claims, misrepresentation claims, and Fair Debt Collection Practices Act claims should have been raised in the foreclosure action itself); *see also Osowiecki v. Ocwen Loan Servicing, LLC*, No. GLR-19-819, 2020 WL 779509, at *5 (D. Md. Feb. 18, 2020).

And Count Four is plainly barred by res judicata. Plaintiff raised or could have raised her theories about Nationstar's violation of various elements of Maryland's foreclosure law in the state foreclosure proceedings.

### F. Plaintiff's CFPA Claim

In Count Three, Plaintiff claims that Nationstar violated 12 U.S.C. §§ 5531(c) and 5536(a)(1)(B). But there is no private right of action to enforce 12 U.S.C. §§ 5531 and 5536(a). *McCray v. Bank of Am., Corp.*, No. ELH-14-2446, 2017 WL 1315509, at *16 (D. Md. Apr. 10, 2017) (collecting cases). Accordingly, Plaintiff cannot maintain an action under these statutes.

### G. Dismissal With Prejudice

With one exception, the Court will dismiss Plaintiff's claims with prejudice. Because Plaintiff's claims in Counts One and Four are entirely barred by res judicata, amendment of these

[11] The Complaint does not identify specific communications in relation to Plaintiff's RESPA claim. But in her response, Plaintiff attached two communications that she maintains were notices of error under RESPA. Conduct related to the communication dated May 5, 2021, would be time-barred under RESPA's statute of limitations, which provides another basis to dismiss this claim. *See* 12 U.S.C. § 2614. Plaintiff will be granted leave to amend her complaint as to the communication dated June 4, 2025, because the Court is not persuaded that such amendment would be futile.

claims would be futile. For Count Three, amendment would be futile because the statutes upon which she bases the claim do not create a private right of action. And for Count Two, with the exception of Plaintiff's possible claim regarding the communication dated June 4, 2025, her RESPA claims are either barred by res judicata or by the statute of limitations.

**H. The June 4, 2025 Notice of Error and Leave to Amend Count Two**

The June 4, 2025 letter that Plaintiff attached to her response (ECF No. 45-1 at 6-12) does not save Count Two as it is pleaded because the Complaint does not identify that communication or allege how Nationstar's response to it violated Plaintiff's rights. Plaintiff first supplied the letter in opposition to the Motion to Dismiss, and an opposition memorandum will not be construed as amending a complaint. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). The question remains however, whether amendment to include specific allegations about the June 4, 2025 letter would be futile.

As to the June 4, 2025 letter, the Court finds that to the extent that Plaintiff wishes to amend Count Two to state a claim for Nationstar's violation of RESPA with respect to this communication, such an amendment might not be futile. Although this letter concerns servicing errors alleged to have occurred in 2019-2021, it is not clear (at least from the parties' submissions) that RESPA would bar a claim based on the age of the underlying errors. Under 12 C.F.R. § 1024.35(g)(1)(iii), a notice of error is untimely if it is delivered to the servicer more than one year after "(A) Servicing for the mortgage loan that is the subject of the asserted error was transferred from the servicer receiving the notice of error to a transferee servicer; or (B) The mortgage loan is discharged." And under 12 C.F.R. § 1024.36(f)(1)(v), a request for information is untimely if it is delivered to the servicer more than one year after "(A) Servicing for the mortgage

loan that is the subject of the information request was transferred from the servicer receiving the request for information to a transferee servicer; or (B) The mortgage loan is discharged." The Consumer Financial Protection Bureau has provided official information on these regulations:

> The Bureau believes it would be impractical to require a servicer to resolve errors and provide information at a time when [RESPA] no longer requires the servicer to retain the relevant records. Conversely, the Bureau believes the servicer should be responsible to correct those records during the period when [RESPA] does require a servicer to retain records, if necessary, and provide borrowers information from the records. Further, the Bureau believes the use of the term "discharged" is appropriate, especially given that the term is already used in the timing of the record-retention requirement. For purposes of the Bureau's mortgage servicing rules, as opposed to bankruptcy purposes, a mortgage loan is discharged when both the debt and all corresponding liens have been extinguished or released, as applicable.

Amendments to the 2013 Mortgage Rules Under the Equal Credit Opportunity Act (Regulation B), Real Estate Settlement Procedures Act (Regulation X), and the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 60382–01, 2013 WL 5428278, *60392–93 (Oct. 1, 2013).

Nationstar has not established that the ratification of the foreclosure sale constituted either a transfer of servicing or discharge of the mortgage loan within the meaning of §§ 1024.35(g)(1)(iii) and 1024.36(f)(1)(v). Accordingly, the Court is unable to conclude on the present record that a RESPA claim based on Nationstar's handling of the June 4, 2025 letter would necessarily fail as a matter of law. Nationstar raises additional questions as to the viability of this claim (whether Plaintiff can plausibly allege that Nationstar failed to satisfy its obligations triggered by the letter and whether she suffered damages as a result of that failure) but the Court will not resolve those questions now. Nationstar may raise these and other defenses in response to Plaintiff's amended complaint.

Plaintiff is granted leave to file an amended complaint stating a single claim for Nationstar's alleged violations of RESPA in connection with the June 4, 2025 letter. Plaintiff's

original Complaint does not specify any details about how Nationstar's conduct may have violated RESPA with regard to this letter. She may attempt to cure this deficiency through formal amendment. To be clear, Plaintiff has not sought leave to amend the complaint in any other respect, nor has she been granted leave to do so. The Court is only granting Plaintiff leave to amend her complaint as to this claim because futility is unclear on the present record. The claim may very well be futile as a matter of law. But erring on the side of caution, the Court will permit Plaintiff to make this limited amendment (and it will permit Nationstar to file another motion to dismiss as to the amended claim). Plaintiff's amendment should also account for the other deficiencies that Nationstar alleged in its motion and reply: the amended complaint must identify the particular errors asserted in the June 4, 2025 notice, the duties Nationstar allegedly violated in investigating or responding to the notice, and the damages caused by the violations.

Plaintiff's amended complaint must be filed by October 19, 2026. Nationstar shall file an answer or responsive pleading no later than 21 days after the amended complaint is filed. If Nationstar moves to dismiss the amended complaint, the standard briefing deadlines of Local Rule 105.2 will apply, but the Court will impose the following page limitations. If Nationstar files a motion to dismiss, the memorandum in support of the motion and Plaintiff's response in opposition shall not exceed 10 pages, double-spaced, exclusive of exhibits, and Nationstar's reply may not exceed five pages, double-spaced, exclusive of exhibits. If Plaintiff does not file an amended complaint as directed, her RESPA claim in Count Two will be dismissed with prejudice in its entirety.

## I. Other Motions

Several other motions are pending before the Court.

In light of the Court's ruling on Nationstar's motion to dismiss, Plaintiff's renewed motion for temporary restraining order (ECF No. 14) is denied. As explained above, the dismissal of Plaintiff's Property-related claims leaves no basis for the injunctive relief requested by Plaintiff in ECF No. 14. The claims that support Plaintiff's challenge to foreclosure and possession are dismissed, and *Rooker-Feldman* precludes this Court from enjoining the execution of the state-court judgment on the ground that the state court erred. And the only claim for which limited amendment will be permitted concerns Nationstar's response to the June 4, 2025 letter. Even if Plaintiff succeeds on the merits of the amended claim, such success would not provide a basis for the Court to grant the injunctive relief that Plaintiff seeks. Because Plaintiff cannot establish the required likelihood of success on the merits for her claims related to foreclosure and possession, she cannot satisfy the requirements for a temporary restraining order. *See Henderson ex rel. NLRB v. Bluefield Hosp. Co.*, 902 F.3d 432, 439 (4th Cir. 2018) ("[E]ach of these four factors must be satisfied to obtain [a temporary restraining order]": (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) the balance of equities; and (4) the public interest) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff's "Rule 72(a) Objection, Request for Clarification, and Limited Request for Reconsideration of June 8, 2026 Paperless Order" (ECF No. 52), construed as a motion, is denied. This motion is directed at the Court's paperless order granting Nationstar an extension of time to file its reply due to a recent change of counsel. ECF No. 48. First, the motion does not comply with the Court's order that the parties refrain from filing motions without leave of Court. ECF No. 44 ("PAPERLESS ORDER directing that no further motions may be filed in this case without leave of Court. Any party may request leave of Court to file a motion by filing a brief letter, not to exceed three single-spaced pages, explaining what motion the party wishes to file and why. No

response to such a filing will be permitted unless the Court orders otherwise."). The substance of Plaintiff's motion is 10 pages, exceeding the page limit set by the Court. As noted above, this is not the first time that Plaintiff has violated the Court's rules and orders regarding page limitations. Second, because the parties consented to my exercise of jurisdiction pursuant to 28 U.S.C. § 636(c), Rule 72(a)'s objection procedure does not apply. Appellate review lies directly in the United States Court of Appeals for the Fourth Circuit. For the same reason, Plaintiff's "Letter Requesting Leave to File Rule 72(a) Objection, Request for Clarification, and Limited Request for Reconsideration of ECF No. 48" (ECF No. 54), construed as a motion, is denied. To the extent that there has been any confusion as to the order of briefing in this case it is because of Plaintiff's prolific and convoluted filings. As explained above, the Court treats the filing at ECF No. 45 as the operative response to the Motion to Dismiss because it is the most recent response to the Motion that Plaintiff filed and it is the brief to which Nationstar replied.

Plaintiff's "Letter Requesting Leave to File Motion for Case-Management Clarification and Return of Unresolved March 19, 2026 Case-Conference Matters to Judge Theodore D. Chuang" (ECF No. 53), construed as a motion, is denied because the parties consented to my exercise of jurisdiction pursuant to 28 U.S.C. § 636(c) and because there is no reason to conduct a case management conference on any of the issues that Plaintiff raises in the motion.

Plaintiff's "Motion for Leave and Request for Clarification and Status-Quo Relief" (ECF No. 57) is denied. The relief that Plaintiff seeks in this Motion is not consistent with the claims she raised in her Complaint and is otherwise inappropriate given the Court's ruling on Nationstar's Motion to Dismiss. As to the one potentially viable claim under RESPA, the Court will allow Plaintiff to amend the Complaint as set forth in this opinion.

## III. Conclusion

For the reasons stated above, the Motion to Dismiss (ECF No. 29) filed by Defendant Nationstar Mortgage LLC is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims in Counts One, Three, and Four are **DISMISSED WITH PREJUDICE**. Plaintiff's claims in Count Two are **DISMISSED WITH PREJUDICE** except insofar as Plaintiff is granted limited leave to file an amended complaint with a single RESPA claim arising from Nationstar's handling of the June 4, 2025 letter. The amended complaint shall be filed by October 19, 2026.

Plaintiff's renewed motion for temporary restraining order (ECF No. 14) is **DENIED**.

The letters filed at ECF Nos. 52, 53, 54 & 57, construed as motions, are **DENIED**.

Plaintiff's motion to drop Defendant William Savage as a party (ECF No. 34) is **GRANTED**. Plaintiff's claims against Defendant Savage are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate Defendant Savage from this case. Defendant Savage's motion to dismiss (ECF No. 30) is **DENIED AS MOOT**.

An accompanying Order will be issued separately.

Date: October 5, 2026

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge